FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 JAN 16 P 3: 18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LEE-ANN NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-133 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Lee-Ann Newsome ("Plaintiff"), proceeding *pro se*, appeals the decision of the Commissioner of Social Security ("Commissioner") denying her applications for child's insurance benefits and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

---

[1] The Court takes judicial notice of the fact that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Carolyn W. Colvin, Acting Commissioner of Social Security Administration, as Defendant in this case.

I. **BACKGROUND**

Plaintiff protectively applied for child's insurance benefits and SSI in May of 2007, alleging a disability onset date of January 1, 1988. Tr. ("R."), pp. 42-45, 76-83. The Social Security Administration denied Plaintiff's applications initially, R. 46-52, and on reconsideration, R. 58-63. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 64-65, and the ALJ held a hearing on July 7, 2009. R. 21-41. At the hearing, the ALJ heard testimony from Plaintiff, who was at that time represented by counsel, and from Dr. Richard Smith, a Vocational Expert ("VE"). Id. On August 12, 2009, the ALJ issued an unfavorable decision. R. 11-20.

Applying the five-step sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has never engaged in substantial gainful activity (20 C.F.R. §§ 404.1520(b) and 416.920(b)).

2. The claimant has the following severe impairments: chronic vestibular dysfunction; mild (5°) scoliosis; and mild left knee osteoarthritis without compartmental narrowing (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 416.920(d), 404.1525, 416.925, 404.926 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform a full range of sedentary work,[2] specifically to lift/carry no more than 10 pounds; sit, with regular breaks, for six hours in an eight hour period; stand/walk, with regular breaks, for two hours in an eight hour

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a) & 416.967(a).

> period; never climb ladders, ropes, or scaffolds and never work around hazards or unprotected heights. The claimant does not have any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).
>
> 5. Considering the claimant's age, education, work experience, and RFC there are other jobs that exist in significant number in the national economy that the claimant can perform (20 C.F.R. §§ 404.1560(c), 416.960(c), 404.1566 and 416.966). Therefore, for purposes of child insurance benefits, claimant was not under a disability as defined in the Social Security Act at any time prior to the date she attained age 22.[3] For purposes of SSI, the claimant has not been under a disability, as defined in the Social Security Act, at any time through August 12, 2009 (the date of the ALJ's decision).

R. 14-20.

When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision.

Giving a liberal construction to Plaintiff's *pro se* briefs, the Court concludes she is arguing that the ALJ erred by: (1) finding that Plaintiff did not meet Listing 2.07, (2) improperly evaluating evidence from Plaintiff's treating physicians; and (3) relying on testimony from the VE in determining at step five that there are jobs in the national economy that Plaintiff can perform.[4] (See doc. nos. 12 ("Pl.'s Br."), 14 ("Pl.'s Reply").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by

---

[3] To be entitled to child's insurance benefits, a claimant must have a disability that began before the claimant reached age 22. 42 U.S.C. § 402(d).

substantial evidence and should be affirmed. (See doc. nos. 13 ("Comm'r's Br."), 16 ("Comm'r's Surreply").)

II. **STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"

---

[4] In her surreply brief, Plaintiff states in conclusory fashion that the ALJ improperly applied the pain standard and erred in evaluating her credibility. (Doc. no. 18, p. 4.) However, Plaintiff does not explain how the ALJ erred, nor does she support her assertion with any evidence from the record or with citations to authority. (Id.) Therefore, as Plaintiff made no attempt to comply with the Court's February 7th Order in making this argument, and because it fails on its face as conclusory, the Court will not herein address it.

Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. Additional Testing Is Needed to Determine Whether Plaintiff is Disabled Under Listing 2.07.

At step three of the sequential evaluation process, the Commissioner must determine whether a claimant meets or equals a disability described in the Listing of Impairments, which describes impairments that are considered severe enough to prevent a person from performing any substantial gainful activity. Davis v. Shalala, 985 F.2d 528, 532 (11th Cir. 1993). Plaintiff bears the burden of showing that her condition meets or equals a Listing. Wilkinson on Behalf of Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987) (*per*

*curiam*). In order to show that her impairment meets a Listing, Plaintiff needs to meet all of the specified medical criteria; an impairment that manifests only some of those criteria, no matter how severely, does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). It is axiomatic that when a claimant's condition meets or equals a Listing, the Commissioner must find the claimant disabled without regard to the claimant's age, education, or previous work experience. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

When additional evidence is needed to resolve conflicts or ambiguity in the record, or to obtain clinical findings or laboratory tests necessary for a decision, the ALJ may order a consultative examination. 20 C.F.R. §§ 404.1519a & 416.919a. The Commissioner need not obtain a complete consultative examination when only specific information, such as laboratory testing, is needed to complete the record. 20 C.F.R. §§ 404.1519n(d), 416.919n(d). Because of the Commissioner's duty to develop the medical record fully and fairly, the Eleventh Circuit has held that "[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir.1984) (citing Ford v. Secretary of Health and Human Services, 659 F.2d 66, 69 (5th Cir. Unit B Oct. 15, 1981)).

"Disturbance of labyrinthine-vestibular function (including Meniere's disease)," as defined by Listing 2.07, "is characterized by a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing. " 20 C.F.R. Pt. 404, Subpt. P, App. 1, 2.07. The Listing is met when a claimant presents (1) "disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests," id., 2.07(A), and (2) "hearing loss

6

established by audiometry," id., 2.07(B).

Plaintiff asserts that her condition satisfies both criteria of Listing 2.07. In support of this assertion, she first cites a physician's letter from 1993, R. 165, which she claims shows she satisfies the first element. Pl.'s Reply, pp. 6, 8. Plaintiff then points to audiometry results from a hearing test she received at a U.S. Naval Hospital in 1988, R. 220-226, which she claims shows that she satisfies the second element. Pl.'s Reply, p. 4.

Here, the ALJ's discussion of whether Plaintiff meets Listing 2.07 consisted of the bare statement, "The claimant does not have disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests and hearing loss established by audiometry." R. 17. The ALJ did not discuss the 1993 letter or provide any explanation why it does not satisfy the criterion at 2.07(A), despite his finding at step two that Plaintiff has the severe impairment of chronic vestibular dysfunction. R. 16-17. The ALJ also failed to discuss Plaintiff's hearing test results or explain why they fail to satisfy 2.08(B). Id.

The Commissioner likewise does not address in her brief whether the 1993 letter satisfies 2.07(A), or whether the 1988 hearing test results show hearing loss, but rather states that the hearing test itself "[did] not comply with the requirements in the introduction to the listing and, therefore, cannot be used as evidence in support of Plaintiff's claim of automatic disability under Listing 2.07." Comm'r's Surreply, p. 3. However, the Commissioner does not explain how the results indicate that the hearing test was deficient, nor did the ALJ find any such deficiencies in his analysis. See id. Thus, the Court cannot determine whether Plaintiff's evidence was considered at all, no less whether it entitles her to a finding that she is disabled under Listing 2.07.

7

In sum, the record is ambiguous as to whether Plaintiff has disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests, and whether she has hearing loss established by audiometry. Although the tests cited by Plaintiff are old, the ALJ failed to cite adequate contradictory evidence or otherwise explain why they do not satisfy the requirements of Listing 2.07. Given the time between the test results of record and the ALJ's determination, the ALJ should have ordered updated laboratory tests to complete the record and determine whether Plaintiff's condition meets or medically equals Listing 2.07. See Reeves, 734 F.2d at 522 n.1; Ford, 659 F.2d at 69. Therefore, upon remand the ALJ should order such testing as is needed to determine whether Plaintiff's condition meets Listing 2.07.[5]

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**

---

[5] In light of its determination that the Commissioner's decision should be remanded for additional testing, the Court need not reach Plaintiff's remaining contentions. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects. For example, the entirety of the relevant evidence must be taken into account in determining the severity of Plaintiff's alleged impairments and in assessing the her complaints, opinions of treating physicians, and her RFC. See 20 C.F.R. § 404.1520(e); Holt, 921 F.2d at 1223 (*per curiam*); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986) ("The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."). Furthermore, the underlying assumptions of any hypothetical questions presented to a VE must accurately and comprehensively reflect Plaintiff's characteristics. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987) (*per curiam*); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985) (*per curiam*); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."); Coleman v. Barnhart, 264 F. Supp.2d 1007, 1011 (S.D. Ala. 2003) (failing to comprehensively describe a claimant's impairments and limitations is grounds for remanding case for further proceedings).

pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 16th day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE