IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LEE-ANN NEWSOME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 112-133 |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) |
| | ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 26.) After thorough consideration of the grounds of error alleged in Plaintiff's briefing, as well as the Acting Commissioner's responses, the Magistrate Judge recommended that the Acting Commissioner's final decision be reversed and remanded for further consideration. (See doc. no. 23.) Specifically, the Magistrate Judge found that the Administrative Law Judge ("ALJ") failed to explain why Plaintiff did not meet Listing 2.07 at step three of the sequential evaluation process, and failed to develop the record fully by ordering updated laboratory tests to determine whether Plaintiff meets this listing. (See generally id.)

To qualify for disability under Listing 2.07, it is Plaintiff's burden to establish (1) disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and (2) hearing loss established by audiometry. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 2.07. Here, the ALJ's discussion of whether Plaintiff meets this listing consisted of the bare statement, "The claimant does not have disturbed function of vestibular labyrinth

demonstrated by caloric or other vestibular tests and hearing loss established by audiometry." R. 17. This statement is indisputably incorrect with respect to the first element because the Acting Commissioner readily concedes in her objections that evidence in the record establishes disturbed function of vestibular labyrinth demonstrated by caloric testing. (See doc. no. 26, p. 3 n.3.)

With respect to the second element, hearing loss by audiometric testing, the Magistrate Judge correctly determined that the ALJ should have ordered additional testing because of glaring ambiguities in the evidentiary record. Indeed, the only audiometric testing in the record was conducted by the U.S. Naval Hospital in 1988. R. 220-26. Plaintiff alleges that the U.S. Naval Hospital determined she suffered from hearing loss, but the test results are impossible to decipher and the ALJ made no mention of them in his findings. Moreover, this testing is outdated and the results do not indicate whether it complied with the rigorous audiometric testing requirements set forth in the Listings.[1] See 20 C.F.R. Pt. 404, Subpt. P, App. 1, 2.00B.

In her objections, the Acting Commissioner points out that Plaintiff bears the burden of proving she suffers from hearing loss through audiometric testing, and argues that Plaintiff failed to carry her burden by relying on ambiguous paperwork from audiometric testing conducted so long ago. (Doc. no. 26, p. 4.) While Plaintiff obviously carries the burden of proof, it is equally well-established that the ALJ must order a consultative examination when necessary to resolve conflicts or ambiguity in the record, or to obtain clinical findings or laboratory tests necessary for a decision. Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir.

---

[1] In her surreply brief, filed before the Magistrate Judge entered his R&R, the Acting Commissioner argued the 1988 audiogram results did not comply with the testing requirements enumerated in the Listings. (Doc. no. 16, p. 3.) In her objections, however, she equivocates by stating, "The test itself does not indicate where it was conducted, what standards were followed, what exams, if any, preceded the test, or even whether the test ultimately revealed that Plaintiff suffered hearing loss." (Doc. no. 26, p. 4.)

1984). The glaring ambiguity in the record here concerns whether Plaintiff suffers from hearing loss, and the ALJ should have ordered updated audiometric testing to complete the record and determine this pivotal issue.

The Acting Commissioner also makes much of the ALJ's cryptic statement "audiogram was normal," R. 16, made in a summary of Plaintiff's medical history at step two of the decision, not in the ALJ's findings regarding the Listings at step three. (Doc. no. 26, p. 7.) The ALJ did not cite to the record in making this statement, and the only evidence possibly supporting it is a two-word reference in the notes of Dr. Charles Wolf, III, regarding a January 2007 evaluation of Plaintiff, to the effect of "Audiogram normal." R. 350. However, Dr. Wolf explains in the same notes that Plaintiff's "hearing is normal to finger rub bilaterally . . . ." R. 352. This clarifies that his opinion was most likely not based on sophisticated audiometric testing such as that reflected by the testing conducted by the U.S. Naval Hospital in 1988, or that required by the Listing.

Accordingly, the Acting Commissioner's objections are **OVERRULED**, and the Magistrate Judge's R&R is **ADOPTED** as the opinion of the Court. Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), the Acting Commissioner's final decision is **REVERSED,** and this case is **REMANDED** to the Acting Commissioner for further consideration in accordance with the Court's opinion.

SO ORDERED this 20th day of February, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA